UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, FOR THE
REGISTERED HOLDERS OF IMPAC
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-5

CIVIL ACTION

VERSUS

NO. 11-404-BAJ-CN

DIVERSE HOLDINGS, L.L.C., EMAD
ZAYED, & RUHIEH ZAYED

# RULING

This matter is before the Court on a Motion for Summary Judgment on Note and Guaranty (doc. 13) filed by plaintiff, Deutsche Bank National Trust Company as Trustee for the registered holders of IMPAC Mortgage Pass-Through Certificates Series 2006-5, by and through its authorized agent, CFC Transactions, LLC (Deutsche Bank"). Movants seek summary judgment as to defendants, Diverse Holdings, L.L.C., and Emad Zayed.[1] No opposition has been filed. Jurisdiction is based on 28 U.S.C. §1332.

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School District*, 113, F.3d

---

[1] Plaintiff has also asserted a claim against Ruhieh Zayed for liability arising out of a guaranty agreement (doc. 1). Defendant, Ruhieh Zayed, however, has filed a Suggestion of Bankruptcy, stating that she is a debtor in a Chapter 11 bankruptcy proceeding (doc. 9). Pursuant to the automatic stay provided by 11 U.S.C. §362, nothing in the present motion, or in this ruling, addresses the claim asserted against Ruhieh Zayed.

528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In support of the motion for summary judgment and pursuant to Local Rule 56.1, plaintiff has submitted the following facts that it claims are material to the motion. Because defendants have not controverted the following facts, they are deemed admitted for purposes of the present motion:[2]

1. Fidelity Bancorp Funding, Inc. ("Original Lender") made a term loan to NED ZS, LLC ("Original Borrower") in the original amount of $1,224,375.00, as evidenced by that certain Promissory Note ("Note") dated September 12, 2006, made and executed by Original Borrower and payable to the order of Original Lender. (Ex. A-1 to Sean Morris Affidavit).

2. Deutsche Bank is the current holder and owner for valuable consideration of the Note with the repayment of principal, interest, and other amounts due thereunder to be made

---

[2]Local Rule 56.2 provides:
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

pursuant to the terms and conditions set forth therein. (Sean Morris Affidavit, ¶ 5).

3. The Note requires Deutsche Bank to be reimbursed for reasonable attorney's fees, costs, and expenses incurred in the collection of payment under the Note. (Ex. A-1 to Sean Morris Affidavit).

4. In conjunction with this Loan, Original Borrower granted a Mortgage, Assignment of Rents and Security Agreement in favor of the Original Lender dated September 12, 2006, and recorded in the Parish of East Baton Rouge on October 2, 2006, as Original Bundle 118833 ("the Mortgage") to secure the Note.

5. Pursuant to the Mortgage, to secure the repayment of the Indebtedness (as defined in the Mortgage)( including the payment of attorney's fees), Original Borrower specifically mortgaged, hypothecated, and assigned to Original Lender, the Mortgaged Property (as defined in the Mortgage), including the land and improvements located in the Parish of East Baton Rouge, State of Louisiana, and described as follows:

> FIFTEEN (15) CERTAIN LOTS OR PARCELS OF GROUND together with all the buildings and improvements thereon, situated in that subdivision of the Parish of EAST BATON ROUGE, State of Louisiana, known as WILLOW VIEW, SECOND FILING, and being designated on the official subdivision map, on file and of record in the office of the Clerk and Recorder for said parish and state, as LOTS ONE (1), TWO (2), THREE (3), FOUR (4), FIVE (5), SIX (6), SEVEN (7), EIGHT (8), NINE (9), TEN (10), TWENTY-FIVE (25), TWENTY-SIX (26), TWENTY-SEVEN (27), TWENTY-EIGHT (28), AND TWENTY-NINE (29), said subdivision; said lots having such

measurements and dimensions as shown on said map.

PROPERTY ADDRESS: 8121, 8122 & 8069 Ned Avenue, Baton Rouge, Louisiana 70820.

6. By Assignment of Mortgage dated September 12, 2006, the Original Lender assigned to IMPAC Commercial Capital Corporation all beneficial interest under the Mortgage (the "First Assignment of Mortgage"). On October 2, 2006, the First Assignment of Mortgage was filed in the records of the Parish of East Baton Rouge as Original 460, Bundle 11883. A copy of the First Assignment of Mortgage is attached as Exhibit A-3 to the Affidavit of Sean Morris (Motion, Ex. A).

7. By Assignment of Mortgage dated March 26, 2009, IMPAC Commercial Capital Corporation assigned to Deutsche Bank all beneficial interest under the Mortgage (the "Second Assignment of Mortgage). On March 31, 2009, the Second Assignment of Mortgage was filed in the records of the Parish of East Baton Rouge as Original 241, Bundle 12137, and a copy of the Second Assignment of Mortgage is attached as Exhibit A-4 to the Affidavit of Sean Morris.

8. Pursuant to that certain Sale with Assumption of Mortgage under Private Signature by and between the Original Borrower and Diverse Holdings dated March 30, 2009, and recorded in the Parish of East Baton Rouge on March 31, 2009, as Original 239, Bundle 12137 (the "Sale and Assumption"), the Original Borrower sold to Diverse Holdings the property described in the Mortgage, and Diverse Holdings assumed the obligations arising under the Mortgage. A copy of the Sale and Assumption is attached as Exhibit A-5 to the Affidavit of Sean Morris.

9. Pursuant to that certain Assumption Agreement dated as of March 26, 2009, by Diverse Holdings in favor of Deutsche Bank and recorded on March 31, 2009, in the records of the Parish of East Baton Rouge as Original 243, Bundle 12137 (the

4

"Assumption Agreement"), Diverse Holdings assumed and promised to pay all amounts and obligations arising under the Note.

10. In order to induce Deutsche Bank to extend credit to Diverse Holdings, Emad Zayed executed and delivered to Deutsche Bank that certain Guaranty dated March 26, 2009 (the "Guaranty"), a copy of which is attached as Exhibit A-7 to the Affidavit of Sean Morris.

11. In the Guaranty, Emad Zayed guaranteed the full and punctual payment of all loans, notes, and all other obligations of Diverse Holdings to Deutsche Bank. Emad Zayed also agreed to pay all interest, fees, charges, attorney's fees, and collection costs associated with enforcement of the Guaranty and collection of payment under the Note.

12. In the Guaranty, Emad Zayed agreed that his guaranty is a guaranty of payment and not of collection, entitling Deutsche Bank to enforce the Guaranty against Emad Zayed even when Deutsche Bank has not exhausted its remedies against anyone else obligated to pay Diverse Holdings' obligations or against any collateral securing the obligations.

13. In the Guaranty, Guarantors waived (a) notice of acceptance of this Guaranty; (b) all notices under the Guaranty; and (c) notices of presentment, demand, dishonor, intention to accelerate, acceleration, protest, default, and nonpayment.

14. Diverse Holdings failed to pay when due the monthly principal and interest payments on the Note for October 2010, November 2010, December 2010, January 2011, February 2011, and March 2011. Lender, through its loan administrator, sent Diverse Holdings and the Guarantors a letter on March 25, 2011 (the "Notice of Default"), notifying them of the default and demanding full payment of all past-due amounts within ten (10) days. A copy of the Notice of Default is attached as Exhibit A-8 to the Affidavit of Sean Morris.

15. Diverse Holdings failed to pay the past-due amounts set forth in the Notice of Default, thereby constituting an "Event of Default" under the Note and Mortgage. Likewise, Emad Zayed, a Guarantor, failed to pay the past-due amounts set forth in the Notice of Default, thereby constituting an "Event of Default" under the Note and Mortgage.

16. In accordance with the Note, Deutsche Bank has elected and declared the entire principle amount of all indebtedness (as defined in the Note) outstanding, including accrued interest and all other charges and fees associated therewith, to be due and payable as set forth in the Default Letter.

17. To date, Diverse Holdings has not made any payment to Deutsche Bank in satisfaction of its obligation to pay the amounts due to Deutsche Bank.

18. To date, neither Emad Zayed nor any other Guarantor has made any payment to Deutsche Bank in satisfaction of their obligations to pay all loans, notes, and other obligations of Diverse Holdings to Deutsche Bank.

19. The following sums were due and owing on the Note as of March 25, 2011, and thus are due and owing to Deutsche Bank by Diverse Holdings and Emad Zayed:

    | | |
    |---|---:|
    | Principal | $1,179,260.74 |
    | Interest through March 25, 2011 | 49,327.41 |
    | Late Charges | 3,365.92 |
    | Pre-Payment Fee | 0.00 |
    | Attorney's fees[3] | 5,000.00 |
    | **TOTAL**: | $1,236,954.07 |

20. As of March 25, 2011, the total amount due and owing under the Loan is $1,236,954.07, together with per diem interest of $239.95 per day, reasonable attorney's fees, and all costs, fees, expenses, and charges that continue to accrue and are incurred

---

[3] Deutsche Bank reserves the right to collect all reasonable attorney's fees and costs incurred by Deutsche Bank in its collection efforts.

> after March 25, 2011, until all of the obligations of Diverse Holdings and Emad Zayed to Deutsche Bank are paid in full.
>
> 21. Per the Mortgage, payment of the above amount to Deutsche Bank is secured by the Mortgaged Property of Diverse Holdings, including the land and improvements located at 8121, 8122, and 8069 Ned Avenue, Baton Rouge, Louisiana.

(Doc. 13-7).

Upon consideration of the foregoing undisputed facts, the Court finds that no genuine dispute of fact exists and that summary judgment in favor of plaintiff, Deutsche Bank National Trust Company, and against defendants, Diverse Holdings, L.L.C. and Emad Zayed, on the note and guaranty is proper.[4]

Accordingly, the Motion for Summary Judgment on Note and Guaranty, filed by plaintiff, Deutsche Bank National Trust Company (doc. 13) is **GRANTED**. Plaintiff's remaining claim against defendant, Ruhieh Zayed, being subject to an automatic stay pursuant to 11 U.S.C. §362, **IT IS ORDERED** that this matter be, and is, administratively closed, without prejudice to the right of any party to reopen the

---

[4]The Court also notes that "[i]nadequately briefed issues are deemed abandoned." *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (citing, *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993) (citing, *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991); *Harris v. Plastics Mfg, Co.*, 617 F.2d 438, 440 (5th Cir. 1980))); see also, e.g., *Association of American Physicians & Surgeons, Inc. v. Texas Medical Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (stating that a party which "neither briefed nor argued" an issue had abandoned it); *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 543 (5th Cir. 2008) (stating that "[w]e deem the un-briefed claims to be abandoned"); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (stating that "[a]ll issues not briefed are waived").

matter and initiate further proceedings in the same manner as if this order had not been entered.

Baton Rouge, Louisiana, January 18, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA